ORDER DENYING MOTION TO DISQUALIFY JUDGE
JANE M. SMITH, Chief Justice.
This matter comes before the Chief Justice of the Tulalip Tribal Court of Appeals pursuant to the Motion for Disqualification of Judge filed on July 8, 2013 by Jessie Morrison, the Petitioner in the above-numbered dissolution proceeding pending before the Tulalip Tribal Court. Petitioner’s Motion requests that, pursuant to Tulalip Tribal Code (TTC) 2.05.060(2), the Honorable Jesse B. Filkins, Jr. be disqualified from presiding over her dissolution and related protective order proceedings.[1]
TTC 2.05.0606(2), which provides for the disqualification of a judge for cause, states in relevant part:
A defendant, or other party, to any legal proceedings may accomplish a second change of assignment of the case from one Judge or Magistrate to another upon filing an affidavit of prejudice with the Court. A Judge shall be disqualified for cause if an affidavit alleging [sic] interest or prejudice that would prevent a fair and impartial trial is ruled to be founded [sic] by a preponderance of the evidence after review by the Chief Justice of the Tulalip Court of Appeals.
Because the reference to “the Court” in the first sentence does not distinguish between the trial court and the Court of Appeals, it is unclear whether the affidavit of prejudice must first be filed with the trial court for its consideration before being submitted to the Chief Justice of the Court of Appeals. However, the proviso in the first sentence that a party “may accomplish a second change of assignment of the case” (emphasis added) clearly establishes that accomplishing a first change of assignment is a condition precedent to accomplishing a change of assignment for cause under TTC 2.05.060(2).
A first change of assignment of a trial judge is a matter of right governed by TTC 2.05.060(1). That subsection of the code requires that a written affidavit of prejudice be filed with the trial court “within 10 days of assignment or reassignment of the trial Judge or before any discretionary ruling, whichever comes first.” The requirement that the affidavit of prejudice be filed before the trial judge issues any discretionary ruling ensures that the affidavit is based on a bona fide belief that the judge does indeed have a prejudice or conflict of interest, and precludes litigants from seeking the disqualification of a trial judge based merely on a party’s disagreement with a discretionary ruling by the judge or the manner in which the judge has conducted the proceedings.[2]
*232 Here, neither the motion, the affidavit of prejudice, the written record of the trial court, or the case summary sheet provided by the court clerk establish that a first reassignment of this matter was accomplished pursuant to TTC 2.05.060(1). This condition precedent not having been met, the provisions of TTC 2.05.060(2) are not available to Petitioner. For this reason alone, Petitioner’s motion to disqualify Judge Filkins must be denied. This Court also notes that Petitioner’s affidavit does not assert any facts that suggest an actual conflict of interest or prejudice on the part of Judge Filkins, but rather merely expresses Petitioner’s disagreement with Judge Filkins’ preliminary rulings and the manner in which he has conducted the proceedings. This is precisely the type of mischief that TTC 2.05.060 is designed to prohibit, and runs counter to the dictates of TTC 2.05.030(1)(a) and (d) to secure the speedy and inexpensive resolution of civil matters and eliminate the unjustifiable expense and delay that would be involved in reassigning a case to a new judge in the midst of the proceedings.
Based on the foregoing, Petitioner’s Motion for Disqualification of Judge is hereby denied.
It is so ordered.

. The motion and supporting affidavit filed by Petitioner do not actually identify Judge Fil-kins by name, but merely refer to the "assigned judge.”

. The code does not expressly require a TTC 2.05.060(2) motion for disqualification for cause to be filed within ten days of the reassignment of the judge or before the second judge issues a discretionary ruling. However, such a requirement can be fairly inferred reading TTC 2.05.060. Because the motion before the Chief Justice is denied on other grounds, the Court need not rule definitively on this issue here.